IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| v. | : CRIMINAL NUMBER 19-90 |
| | : |
| | : |
| JOSE AYALA-MURILLO | : |

## DEFENDANT'S SENTENCING MEMORANDUM

Jose Ayala-Murillo files this memorandum in aid of mitigation at sentencing. The Presentence Investigation Report prepared by United States Probation Officer Carolyn M. DeMayo concludes the advisory range is 1-7 months based on a total offense level 6, Criminal History Category II. The Court should overrule the Government's objection to the calculation of the total offense level given the alleged statements allegedly made to Immigration during their interview in December 2018. First, there is no indication of the qualifications of the interpreter who assisted the interviewing agent on that date. Second, the statement lacked any specificity which would add an indicia of reliability.

Regardless of how this Court resolves the Government's objection to the total offense level, the defense suggests that a sentence of time served1 best fulfills the sentencing goals

---

1 As of his scheduled sentencing date, Mr. Ayala-Murillo will have been in custody just over seven months. The first month of his detention was in connection with local charges. Following the resolution of those charges on or about January 11, 2019, he was transferred to Immigration custody where he remained until February 11, 2019. The defense is requesting a time served sentence to eliminate the administrative delays associated with sentencing calculation. The imposition of a time served sentence, as opposed to a numerical sentence, would still result in a guideline sentence. Furthermore, given the fact that Mr. Ayala-Murillo will serve additional time pending his deportation to Mexico, the imposition of a time-served sentence will not diminish the seriousness of his illegal reentry into the country. It is estimated that deportations take between 30-45 days even when a person does not request a hearing to contest deportation. As such, were this Court to impose the recommended sentence, Mr. Ayala-Murillo's detention

pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and the subsequent cases reaffirming its holding, and 18 U.S.C. §3553(a).

On December 2, 2018, Mr. Ayala-Murillo was arrested and detained at the Chester County Jail.  On January 11, 2019, he was sentenced and ordered immediately paroled which resulted in his transfer to immigration custody at the York County Jail.  On February 7, 2019, during his administrative detention, the United States Attorney's Office (USAO) for the Eastern District of Pennsylvania filed an indictment charging him with one count of Illegal Reentry in violation of 8 U.S.C. §§ 1326(a).  As a result of the indictment, Mr. Ayala-Murillo was transferred to federal custody on February 11, 2019 and entered a guilty plea to the indictment on March 22, 2019.  Sentencing is scheduled for July 11, 2019.

Mr. Ayala-Murillo was raised in poverty which is characteristic of his country.  His family, which consisted of his parents and six children, was large and his entire family worked hard to provide food and other necessities.  The strong work ethic and devotion to family which he learned as a child have served him well in adulthood which is what lead him to this country in the first place.

Mr. Ayala-Murillo is the father of four children and has worked hard to provide for them and their mother.  Due to the scarcity of jobs and low wages in Mexico, he made the difficult decision to separate himself from them and come to this country to work.  Since coming to the United States, he has worked at mushroom farms and installing floors. He would send about a substantial portion of his income home to Mexico every month to help provide for his family.

---

from January 2019 until his deportation will, de facto, approximate a high end guideline sentence.  Following this line of reasoning, should this Court impose a sentence in excess of five months, Mr. Ayala-Murillo runs a risk of overserving a guideline sentence as a result of this offense.

The separation from his family, although difficult, was worth the hardship given the money he was able to send home to provide them with things he would have never been able to give them had he remained in Mexico.

He has an extremely hard work ethic which will surely serve him well once he returns to Mexico regardless of where he is able to find a job.  Mr. Ayala-Murillo understands that he should not have returned to the United States and is acutely aware of the potential for additional punishment in this and future cases.  A sentence of time served would not promote a lack of respect for the law as Mr. Ayala-Murillo has been incarcerated since December 2018 and will remain in custody until he is deported.

The recommended sentence is squarely within the advisory guideline range, and while it is not a numerical sentence, it is meant to account for the time he spent in custody in between the resolution of his local case and his transfer to federal custody.  This time period, from January 11, 2019 until February 11, 2019 may not all be credited towards his sentence by the Bureau of Prisons.  While the general policy provides for credit as of the acceptance of prosecution by the U.S. Attorney's Office, the imposition of a time served sentence eliminates the need for administrative calculation of time credits and eliminate the bureaucratic possibility that he does not receive credit for the initial month of custody.

Mr. Ayala-Murillo understands that he would be facing substantially higher penalties should be return, which he does not intend to do as a result of this prosecution.  Accordingly, Mr. Ayala-Murillo poses no threat to the public since he will be returned to immigration custody for deportation upon completion of his sentence.

The range of sentences statutorily available to the Court, including the advisory guidelines range, is listed in Part D of the PSR.  This range includes a sentence of incarceration

of up to two years, not more than one year of supervised release, a fine of up to $250,000. Section 5D1.1(c) discourages the Court from imposing a period of supervised release. It reads as follows: The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.  Moreover, the Third Circuit recently recognized the presumption against imposing supervised release in cases where the defendant is a deportable immigrant.  See United States v. Azcona-Polanco, 865 F.3d 148 (3d Cir. 2017).

This period of incarceration has impressed upon him that he cannot unlawfully return. His family has fallen into complete destitution as a result of his arrest due to the loss of his much-needed income.  He has been unable to communicate with them while he is in custody which has cause him a great deal of stress and depression.  These realities have impressed upon him the fact that he should not return to this country.

Moreover, should the Court agree with the Government that the offense level should be adjusted to yield an advisory guideline range of 15-21 months, a downward variance is warranted.  Specifically, Mr. Ayala-Murillo's criminal history category is overstated due to the addition of points based on the maximum sentence imposed, which was never served.  Mr. Ayala-Murillo served 30 days in connection with his 2001 conviction which should only yield the addition of one criminal history category point.  However, because his maximum sentence was 23 months, three points were added to his criminal history category.  As a result, his criminal history category is III instead of II.  This calculation increases the advisory guideline range from 12-18 months to 15-21 months.  When taken together with the doubling of the advisory guideline range based on an 18 year old, a downward variance is amply justified under the circumstances.

      Mr. Ayala-Murillo has never been in custody as long as he has been now.  This incarceration has accomplished a deterrence effect that none of his prior immigration encounters ever could have accomplished.  Additional incarceration is not warranted to accomplish the deterrent goal of sentencing.  Considering that his present and continued incarceration is at the American taxpayer expense, continued incarceration would represent a waste of resources.  Accordingly, the defense respectfully requests the Court impose a sentence of time served.

                                          Respectfully submitted,

                                          s/Maria A. Pedraza
                                          MARIA A. PEDRAZA
                                          Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Maria A. Pedraza, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served a copy of the Defendant's Sentencing Memorandum by electronic notification and/or electronic mail, upon Matthew T. Newcomer, Assistant United States Attorney.

 /s/ Maria A. Pedraza
MARIA A. PEDRAZA
Assistant Federal Defender

DATE: July 7, 2019